UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARITA MIDDLETON, individually and
On behalf of all others similarly situated

Plaintiff,

V.                                                  Case No: 8:21-cv-1259

TOTAL INSURANCE BROKERS LLC,

Defendant.

_____.

## FLSA SECTION 216B COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KARITA MIDDLETON, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, bring this lawsuit pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), against Defendant, TOTAL INSURANCE BROKERS LLC (hereinafter "TIB") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* for failure to pay overtime compensation (premium Pay) at the lawful and correct rates to non-exempt employees, and failure to pay overtime compensation for all hours worked over forty (40) each week.

## INTRODUCTION

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) and 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

2. Plaintiff, Karita Middleton ("Middleton" or "Plaintiff") worked for Defendant from on or about March 2020 through May 10, 2021 from Defendant's Tampa, Florida office as an inside sales representative, also known as a sales agent, and used the title of Senior Agent.

3. Defendant has maintained a scheme to avoid its obligations to pay overtime wages to its non-exempt employees in order to save millions of dollars in labor costs and maximize profits all to the detriment of its employees.

4. Defendant willfully, or with reckless disregard for the FLSA, underpays Plaintiff and all other sales agents for their overtime hours by failing to pay overtime wages wages at the required and mandated rate of time and one half the employee's regular rate of pay.

5. Defendant does not include earned commissions in the calculations of the regular rates of pay as required by the FLSA, and has underpaid all sales agents who earned commissions during any workweek he or worked more than 40 hours for the workweek.

6. Defendant also permits sales agents, including Plaintiff, to suffer to work off the clock.

7. Plaintiff, like her fellow sales agents, and who are members of this putative Class, worked at Defendant's Tampa, Florida, office, remotely from their homes or, upon information and belief, from another Florida, satellite office.

8. Plaintiff, like her fellow Sales Agents employed within the past three (3) years preceding the filing of this complaint, and still to this day, were systematically denied the payment of the lawfully required overtime premium pay for hours they worked in excess of forty (40) on behalf of Defendant.

9. Defendant maintained this unlawful pay practice applicable to all sales agents, failing to include commissions in the regular rates of pay, and thus underpaying all sales agents for the overtime hours they worked.

10. Accordingly, Plaintiff, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue

Defendant for violations of the Fair Labor Standards Act for failing to pay the Plaintiff and others similarly situated the lawfully required overtime compensation.

## FLSA CLASS DEFINITION AND RELIEF SOUGHT

11. This collective action is to recover from Defendant overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and all similarly situated persons composed of:

> **All persons employed by Total Insurance Brokers LLC, currently or employed within the preceding 3 years of the filing of this complaint, who worked as sales agents or agents in the State of Florida.**

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., §§201-219, inclusive.

14. This Court has personal jurisdiction over this action because the Defendant is engaged in business within the State of Florida.

15. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) since the acts complained of herein took place in this District, this is the home District where Defendant maintains a local office from where Plaintiff

reported to for work. In addition, Defendant's corporate offices located in Tampa, Florida are likewise within this district and from where the unlawful policies and practices complained of herein were created, carried out, and enforced.

16. Upon information and belief, Defendant has revenues of $500,000.00 or more in the previous three (3) years and employs ten (10) or more employees.

17. Plaintiff is engaged in interstate commerce, selling medicare insurance policies across state lines or who also collect and process payments for insurance premiums across state lines.

18. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

## THE PARTIES

19. At all times relevant to this action, Representative Plaintiff Karita Middleton resided in Florida, and within this district, and at all times material, worked for Defendant as a sales agent working from Defendant's office located at 3109 W. Dr. Martin Luther King Jr. Boulevard, Tampa, FL 33607.

20. Plaintiff worked remotely from her home during a period of approximately March 2020 until June 2020.

21. Defendant, TIB is a Florida for profit corporation Florida Company with principal place of business located at 3109 W. Dr. Martin Luther King Jr. Boulevard, Tampa, Fl 33607. Defendant may be served through its registered agent, Registered Agent Solutions Inc. at 155 Office Place Drive, Suite A, Tallahassee, FL 32301.

22. Defendant, upon information and belief, employed upwards of 100 or more sales agents from its office in Tampa, and given turnover for the related 3 year class period, the putative class of similarly situated agents is estimated to be upwards of 300 or more.

## GENERAL FACTUAL ALLEGATIONS

23. Plaintiff, like these other sales employees under the title of agent or senior agent, was paid on an hourly, non-exempt basis, and with a commission structure or plan for insurance policies sold.

24. Plaintiff was hired by Defendant in March 2019 to work as a medicare insurance supplement sales agent.

25. Plaintiff's job duties included making outbound, solicitations and cold-calls, as well as handling inbound calls from prospective customers seeking supplemental medicare insurance policies.

26. Plaintiff routinely worked more than 40 hours in her work weeks throughout the term of her employment, and was paid a premium for much of the hours worked.

27. However, the overtime pay was strictly time and ½ the base hourly rate and did not factor in or include the commissions earned in the rates as required by the FLSA.

28. Plaintiff also did not receive any overtime supplement or sure-up when commissions were paid for the weeks she worked more than 40 hours and earned commissions for these work weeks.

29. Commissions were paid by Defendant to sales agents, including to Plaintiff, on a weekly basis along with the base hourly wages.

30. Plaintiff's base hourly wages overall were generally greater than her commissions earned for each respective pay period, although a substantial amount of her overall compensation.

31. Throughout plaintiff's employment, she routinely worked some of the 30 minute provided meal breaks, and took less than 30 minutes of uninterrupted meal breaks, and at other periods, worked through the 30 minute meal break.

32. However, Plaintiff was not permitted to claim this compensable work time on her timesheets or time records for the week, meaning the times she spent

working during some or all of the 30 minute meal break while clocked out, and the unwritten policy was that every sales agent had to demonstrate a 30 minute meal break each day or the same would be entered by management on her time records.

33. At certain points of time in her employment, Plaintiff found it necessary and in her best interests to work during her lunch breaks to maximize her production and hit sales goals.

34. Managers and supervisors could see Plaintiff and other sales agents at their desks, eating and working, but sales agents were not permitted to claim this time as compensable work hours.

35. Plaintiff was led to believe by Defendant that the time she spent working during her meal breaks were not required to be paid, and thus was on her own dime.

36. For purposes of the collective action, Plaintiff Middleton by this Complaint, does herein consent to be a party to this action pursuant to 29 U.S.C. §216(b).

37. At all times relevant to this action, Defendant was an employer of Plaintiff and all other sales agents of this proposed FLSA collective action within the meaning of 29 U.S.C. §203(g).

38. Defendant maintained a policy and practice during the preceding three (3) years of the filing of this complaint of willfully underpaying inside sales representatives under the tiles of agents, or sales agents the required and mandatory overtime wages owed to them.

39. During the same time period, and through the present, Defendant maintained a policy of permitting sales agents, including Plaintiff, to suffer to work off the clock, and more than 40 hours in workweeks, working through meal breaks without being paid a premium for all such hours worked, or maintaining a policy of editing time records to reflect a 30 minute meal break when it knew employees such as plaintiff had worked through some or all of their meal breaks.

40. Plaintiff and members of the Class were willfully denied overtime wages by Defendant as a whole or group under a ***De Facto policy (unwritten policy)*** against recording or claiming hours worked during meal breaks

41. Defendant has willfully violated, and continues to violate §207 of the FLSA by failing to pay Plaintiff and others similarly situated overtime compensation at the full and lawful rate of time and one half of their regular rates of pay, including commissions in the regular rates of pay calculations for all hours worked in excess of forty (40) per week.

42. Upon information and belief, for the three (3) year period before this filing, (the "Class Period"), the continued violations of FLSA §207 that are complained of herein have been practiced and imposed upon all of Defendant's sales agents.

43. The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half (1.5) times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. §207(a)(1).

44. The FLSA also mandates that unless an employee is fully and completely relieved of work on an uninterrupted basis for 30 minutes, said time is compensable and to be paid to the employee.

45. The FLSA mandates that earned commissions must be included in the regular rate of pay calculation and that overtime pay for hourly, commissioned employees must include the commissions earned in the time and one half calculations for premiums to be paid for overtime hours worked.

46. Plaintiff herein alleges individually and on behalf of the members of the putative Class of similarly situated, that Defendant maintained a scheme to evade and avoid their FLSA wage obligations and to willfully underpay overtime wages owed to sales agents.

47. Accordingly, Plaintiff and the putative Class of similarly situated seek and are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid at the correct and lawful rates or not paid at all, plus an equal sum in liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this action individually and on behalf of all others similarly situated who worked as sales agents referenced herein as the putative class, as a collective action pursuant to the Fair Labor Standards Act. 29 USC §216(b).

49. In <u>Young v. Cooper Cameron Corp.</u>, the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of numerosity, typicality, commonality and representativeness need be made." <u>Young v. Cooper Cameron Corp</u>., 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

50. Still, despite the <u>Young</u> court's ruling, the members of the Class are so numerous that joinder of all members is impracticable and in the interests of justice, as well as in keeping with the legislature's intent in creating Collective Actions under Section 216(b), proceeding as a collective action is proper in this

case. While the exact number of the members of the putative Class is unknown to the Plaintiff at this time and can only be ascertained through appropriate discovery, upon information and belief, Plaintiff believes that there are 300 or more individuals in the defined class within the three (3) year relevant class period.

51. Plaintiff will fairly and adequately protect the interests of the putative Class of similarly situated inside sales representatives, and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the putative Class.

52. A collective action suit, such as the instant one, is superior to other available means for a fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

53. A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendant will retain the proceeds from its violations of the FLSA.

54. Furthermore, even if any member of the Class could afford individual litigation against the Defendant, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

55. Upon information and belief, all sales agents performed the same job requirements as the plaintiff and had similar job duties and responsibilities.

56. Plaintiff and all sales agents had a standardized corporate work schedule consisting of Monday to Friday, 9:00 am until 5:30 pm (8.5 hour days) with the opportunity to take 30 minute meal breaks, and all sales agents clocked in and out for their work hours.

57. Thus any time sales agents spent working through meal breaks such time would equate to unpaid overtime hours for the entire 30 minutes of any day in which they worked through any part of this lunch break.

58. There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to

each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a.    Whether Defendant employed members of the Class within the meaning of the applicable provisions of the FLSA;

    b.    Whether Plaintiff and members of the Class were permitted to suffer to work off the clock during meal breaks without being paid a premium for all such hours worked;

    c.    Whether Defendant unlawfully underpaid Plaintiff and all other similarly situated sales agents for overtime hours worked by paying less than the lawfully required time and one half their regular rates of pay and by failing to include commissions in the regular rate calculations;

    d.    Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages;

    e.    Whether Defendant willfully and with reckless disregard, underpaid Plaintiff and the class of similarly situated, even when they did pay a premium for overtime hours worked;

    f.    Whether Defendant permitted Plaintiff and all others similarly situated to suffer to work off the clock.

59. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a collective action.

## COUNT I
## VIOLATION OF § 207 OF THE FLSA

60. The foregoing paragraphs are realleged and incorporated as if fully set forth herein.

61. At all relevant times, Defendant employed Plaintiff, and/or each member of the Putative Class of similarly situated, and continues to employ members of the Putative Class, within the meaning of the FLSA.

62. Upon information and belief, all sales agents were paid under a common and similar compensation plan and scheme, consisting of a base hourly rate of pay plus a commission plan and were all classified and treated by Defendant as non-exempt employees under the FLSA.

63. Defendant required Plaintiff and all other similarly situated sales agents to record at least 30 minutes for meal breaks each day, or would adjust the time records to reflect 30 minute meal breaks.

64. Defendant, in violation of the FLSA, willfully underpaid Plaintiff and all other sales agents overtime premiums by failing to include earned commissions

in the regular rate of pay calculations and by strictly paying them time and one half their base hourly rates.

65. Defendant's management is well aware of employees working more through meal breaks and sitting at their desks and working during meal breaks, but does not permit them to claim this time.

66. Alternatively, Defendant has willfully misled plaintiff and all other sales agents to believe that working during meal breaks and without being paid for this time was a lawful practice under the FLSA.

67. As a result of Defendant's unlawful pay practices complained of herein, throughout the three (3) year class period to the present, Defendant has willfully stolen wages wages from sales agents.

68. Defendant knowingly and willfully failed to pay Plaintiff and all other members of the Class, overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

69. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

70. Defendant cannot and does not have a good faith basis under the FLSA for its willful actions and conduct of failing to include commissions in the

regular rate of pay calculations and for strictly paying overtime premiums based upon the base rates of pay.

71. Defendant cannot and does not have a good faith basis under the FLSA for its willful actions and conduct of permitting Plaintiff and all others similarly situated to suffer to work off the clock and work through meal breaks without being able to claim this work time as compensable overtime.

72. Plaintiff and all similarly situated piece rate workers lawful rates for all overtime hours worked over 40 hours in each and every workweek, especially since the law is clear and Defendant had 3 or more similar lawsuits and never corrected its unlawful pay practices or went and paid all piece rate workers for the 3 years of overtime wages they stole from them.

73. Plaintiff and the class of similarly situated thus are entitled to, and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

74. Due to Defendant's willful FLSA violations, Plaintiff alleges on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendant the unpaid and underpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each

and every workweek, an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

75. Plaintiff and the class of similarly situated have suffered financial harm and loss of monies owed to them as a direct and proximate result of Defendant's unlawful pay practices complained of herein.

**WHEREFORE** Plaintiff, KARITA MIDDLETON prays for:

a.  An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated individuals across the nation with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join this action as plaintiffs pursuant to §216(b); and that notice be sent to all past and present employees of TOTAL INSURANCE BROKERS LLC. any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b.  An order awarding attorneys' fees and costs pursuant to §216 of the FLSA;

c.  That the Court find Defendant in violation of the overtime compensation provision of the FLSA and that the Court find that Defendant's violations of the FLSA were and are willful;

d.  That the Court award Plaintiff Middleton and the putative Class of all similarly situated employees, the balance of overtime compensation owed for the underpaid wages by the Defendant associated with all the previous hours worked over forty (40) hours in each and every workweek during the preceding 3 years to the present and continuing, AND an equal sum in liquidated damages. In addition, interest on said award pursuant to §216 of the FLSA;

e.  That the court award Plaintiff Middleton and the putative class of similarly situated, overtime wages for all unpaid hours worked in each and every work week in the preceding 3 years to the day of trial, plus an equal sum in liquidated damages, and interest on said award;

f.  That the Court appoint Mitchell Feldman, Esq. and the firm of Feldman Legal Group as class counsel in the FLSA collective action, and appoint Richard Reyes as class representative for all those similarly situated with the authority to negotiate on all opt in plaintiffs behalf; and

    g.    That the Court award any other legal and equitable relief as this Court may deem appropriate, fair and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed this 24th day of May 2021.

Respectfully submitted,

*/s/Mitchell Feldman, Esq.*
**Mitchell L. Feldman, Esquire**
Florida Bar No.: 0080349
FELDMAN LEGAL GROUP
6916 W. Linebaugh Ave, #101
Tampa, Florida 33625
Tel: 813-639-9366 - Fax: 813-639-9376
Email:Mfeldman@flandgatrialattorneys.com
*Attorney for Plaintiff, and the class*
*Of similarly situated*