UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KARITA MIDDLETON, on behalf
of herself and all others similarly
situated,

    Plaintiffs,

v.                                                            Case No: 8:21-cv-1259-KKM-TGW

TOTAL INSURANCE BROKERS LLC,

    Defendant.
_____

## ORDER

Plaintiff Karita Middleton and Defendant Total Insurance Brokers LLC filed a joint motion seeking approval of a Fair Labor Standards Act (FLSA) collective action settlement to resolve the claims in this action. (Doc. 35); *see Lynn Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352–53 (11th Cir. 1982).

"[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of the settlement, including the factors and reasons considered in reaching [the] same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the

plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226–29 (M.D. Fla. 2009) (Presnell, J.).

Here, the proposed settlement agreement meets the requirements from *Bonetti*. First, the settlement agreement constitutes a compromise of the plaintiffs' claims because plaintiffs' have agreed to a dismissal with prejudice of their claims in exchange for Total Insurance's agreement to pay a maximum of $342,000 to settle the litigation. (Doc. 35-1 at 5.) Second, after reviewing the settlement agreement closely, the Court finds that the agreement makes a full and adequate disclosure of the terms of the settlement. Third, the parties have stipulated, and the agreement represents, that the plaintiffs' attorneys' fee ($105,500 in fees and costs) was negotiated apart from the sums agreed to be paid for the FLSA claims. (Docs. 35 at 23; Doc. 35-1 at 9.) Thus, having reviewed the settlement agreement, the motion, and the record in this case, the Court finds that the settlement agreement is a fair and reasonable resolution of a bona fide dispute over provisions of the FLSA. *See Lynn Food Stores, Inc.*, 679 F.2d at 1352–53.

Because the settlement developed before the collective action was certified, the parties here have stipulated to a preliminary certification of the collective action for

2

settlement purposes and approval of the proposed notice to the collective members. (Doc. 35.) The parties' joint motion states that "the Parties agree that the Party Plaintiffs, and the Collective Members (as defined below) are similarly situated for purposes of 29 U.S.C. § 216(b) of the [FLSA] and consent to Court-facilitated notice to Party Plaintiffs, and Collective Members." (*Id.* at 5.) The Notice defines "Collective Members" as "all non-exempt employees who received a bonus or commission between May 24, 2019 and the date of execution of this Agreement [] who received an allegedly delayed overtime true-up payment." (*Id.*)[1]

Before approving an FLSA settlement, particularly in a collective action, the court must authorize notice of the settlement to the collective members. This notice serves an important function because it protects a collective member's right to opt-in to a collective action and obtain party status by filing written consent with the court. *See Mosley v. Lozano Ins. Adjusters, Inc.*, No. 3:19-cv-379-J-32JRK, 2020 WL 3978055, at *2 (M.D. Fla. June 23, 2020); *see also* 7B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1807 (3d ed. 2021) (noting that "the most significant difference in procedure between FLSA and Rule 23 is that the [FLSA] statute contains a requirement that plaintiffs desiring to be included in the litigation must 'opt in' to the suit" whereas the three types of class actions authorized by Rule 23 either require mandatory participation from

---

[1] The parties have estimated that there are over 900 potential collective members. (Doc. 35 at 6.)

3

individuals in the class or for those individuals to "opt-out" of the litigation). This Court's review of the proposed settlement notice reveals that it informs each collective member of the settlement agreement's terms, the individualized specific estimated amount the recipient will receive, the basis for the estimated settlement payment, the scope of the release, and the right to object to the settlement. (*See* Doc. 35-2, Ex. A.)

Accordingly, the following is **ORDERED**:

1. The parties' Joint Motion for Settlement Approval and Conditional Class Certification (Doc. 35) is **GRANTED**. Additionally, the parties' proposed Notice to the Collective Members (Doc. 35-2, Ex. A) is **APPROVED**.

**ORDERED** in Tampa, Florida, on December 18, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge